*In re* PETERSON ORTIZ TERREFORTE, Respondent.

No. O-68-59.     Decided March 18, 1969.

*Rafael A. Rivera Cruz, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General, Elpidio Arcaya* and *Lolita Miranda, Assistant Solicitors General,* for The People. Peterson Ortiz Terreforte *pro se* and *Ferdinand Rivera Ortega* for respondent.

PER CURIAM: The Solicitor General of Puerto Rico filed a complaint against respondent preferring the following charges:

"1.—On August 15, 1967, Peterson Ortiz Terreforte, acting as notary public, authorized the execution of deed of sale, number four (4) in his protocol, by virtue of which Carmen L. Bencón appeared before him selling to Doroteo Marty Mercado a house located in Mayagüez, Peterson Ortiz Terreforte having personal knowledge that the appearing vendor was not Carmen L. Bencón.

"2.—Peterson Ortiz Terreforte, without faculty, power, or authorization from Carmen L. Bencón, sold a house belonging to said Carmen L. Bencón for the price of $2,000, appropriating to himself the amount of the sale.

"3.—Peterson Ortiz Terreforte violated the Notarial Law of Puerto Rico in fraudulently attesting facts of whose falsity

he had knowledge, in causing a person who at the moment of the execution was not in Puerto Rico, to appear as grantor in the deed."

In his answer, respondent admitted the first paragraph of the complaint and denied the second and third paragraphs and "pleaded not guilty of any charge of intentional, malicious actions committed by him, admitting that, if, in any manner whatsoever, his actions violated the provisions of the Notarial Law it was done innocently and in good faith, being the victim of a premeditated Machiavellian plan carried out by enemies who skillfully set a trap for him with the malevolent intent to prejudice him."

The Special Master made the following findings of fact:

"1.—At the time to which the charges refer respondent and Carmen L. Bencón were on friendly terms, since in and about the month of April 1967 Mrs. Bencón lived for a month and a half in respondent's house in Urbanización Las Lomas while she was taking care of his wife, who was sick.

"2.—On April 4, 1967 respondent, acting as notary public, executed a deed in which Carmen L. Bencón appeared and granted Corpus Rivera Martell a power of attorney to sell a house situated in the city of Mayagüez which house belonged to Mrs. Bencón. Said power of attorney is recorded in the Registry of Powers of Attorney of this Court. Mrs. Bencón authorized the attorney in fact to sell the house for $3,000.

"3.—In the month of May 1967 Carmen L. Bencón returned to the United States where she has lived for 26 years.

"4.—On August 15, 1967 respondent, acting as notary public, executed deed number four (4) in his protocol (Exhibit I of the Solicitor General) where Carmen L. Bencón appears selling the house located in Mayagüez to Doroteo Marty Mercado for the price of $2,000.

"5.—Neither Carmen L. Bencón nor her attorney in fact, Corpus Rivera Martell, appeared at the execution of said deed No. 4 or authorized the sale transaction contained therein, of which fact respondent had personal knowledge.

"6.—The signature and initials which appear in said deed No. 4 as those of Carmen L. Bencón are not the authentic

signature and initials of Mrs. Bencón, of which fact respondent had personal knowledge.

"7.—Respondent, without the power and authorization granted by Carmen L. Bencón, sold the house, property of the latter, to Doroteo Marty Mercado for the price of $2,000.

"8.—Respondent received from Doroteo Marty Mercado the amount of $1,500 as part of the selling price of Mrs. Bencón's house and appropriated to himself $1,250.

"9.—Rosario Caballero, respondent's wife, wrote a letter to Mrs. Bencón in New York informing to her the sale of the house and enclosing the amount of $250.

"10.—Mrs. Bencón wrote several letters to respondent and his wife inquiring as to the details of the sale and she received no answer. Mrs. Bencón then sent Luis Antonio Cabaña, a private detective, to investigate the situation.

"11.—By the end of August 1967 when the case was submitted to Prosecuting Attorney Luis Anglade, of Mayagüez, the latter made a telephone call to Mrs. Bencón in New York, and the next day she came to Puerto Rico for the investigation.

"12.—Prosecuting Attorney Luis Anglade submitted the case to Mr. Ángel S. Bonilla Rodríguez, judge of the District Court, Mayagüez Part, and said magistrate determined probable cause for the offenses of forgery and grand larceny, issued orders for arrest against respondent and also a search warrant to search his residence office.

"13.—When the police executed the aforementioned orders for arrest and search warrant, Prosecuting Attorney Anglade accompanied the police and personally seized and kept in his possession the original copy of deed number four (4) of respondent notary dated August 15, 1967, as evidence for the aforementioned criminal causes."

We have examined the record of the case and it appears therefrom that the Special Master did not err, and on the contrary, his findings of fact are amply justified by the evidence.

By virtue of the foregoing respondent is suspended from the practice of the office of attorney and notary in this island and the striking of his name from the roll of attorneys is hereby ordered.